IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILMA JEAN DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 3:20-cv-226 |
| | ) | |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC. and | ) | *Jury Demand* |
| RE-BATH MID-SOUTH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES the above-named Plaintiff, Wilma Jean Davis (hereinafter "Plaintiff"), and hereby sues Home Depot U.S.A, Inc. and Re-Bath Mid-South, LLC ("Defendants"), and for grounds would show this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This lawsuit stems from deceptive and fraudulent sales activities of the Defendants which resulted in an improper debt and the resulting negative impact on Plaintiff's credit. By this Complaint, Plaintiff seeks from Defendants compensatory damages, punitive damages, reasonable attorneys fees, costs, and other relief under the statutes discussed *infra* as well as Tennessee common law.

2. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other

1

jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. A violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction by virtue of the fact that Defendants are corporate entities that are licensed to do business in the state of Tennessee or otherwise conduct business in the state of Tennessee and their activities are substantial and not isolated activities within this State.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) in as much Home Depot resides in this district, and all Defendants are resident of this State in which this district is located.

## PARTIES

6. Plaintiff, Wilma Jean Davis is a citizen and resident of Brownsville, Tennessee.

7. Home Depot U.S.A., Inc. is a Delaware corporation registered as a foreign corporation with the Tennessee Secretary of State, which can be served in care of its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

8. Re-Bath Mid-South, LLC is a limited liability company duly organized and existing under the law of the State of Tennessee and may be served in care of its registered agent, Thomas R. Buckner, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119.

**FACTUAL BACKGROUND**

9. On or about May 2018, Plaintiff received a solicitation from a "Home Depot" representative to remodel her mother's bathroom located in or around Brownsville, Tennessee, said person acting with the actual and/or implied and/or apparent authority of Defendant Home Depot.

10. The Home Depot representative's solicitation included an offer to perform a free analysis of the work needed and to subsequently properly perform a remodeling of the bathroom at reasonable fees and costs by a Home Depot worker if she agreed to do so.

11. Based on the aforementioned representations, on or about May 30, 2018, Plaintiff did agree for Bobby Morgan ("Morgan"), who Plaintiff was led to believe was a Home Depot contractor, to perform an analysis and to subsequently remodel said bathroom for approximately $7,500.

12. On this same date and time, Morgan unilaterally obtained a $7,500.00 "Home Depot Special Project Loan" on behalf of Plaintiff. In doing so, Morgan negotiated the amount of the loan with Home Depot's finance department and charged Plaintiff the $7500 to perform the upon remodeling although he misrepresented his authority to do so.

13. Since that time, Plaintiff learned that Morgan was not, in fact, a Home Depot contractor, but, rather, was a contractor with Defendant Re-Bath. Home Depot subsequently disclaimed any responsibility for said project, yet enjoyed the benefits of the arrangement negotiated and transacted by Bobby Morgan.

14. Both Defendants represented that a licensed contractor would be assessing and performing any remodeling services to the subject property, although upon information and belief, no licensed contractor was utilized to do the same during the home visit to the subject property.

15. To date, neither Defendant has performed any remodeling services at the subject location and Plaintiff is still confused regarding whether Re-Bath had the sponsorship approval, status, affiliation or connection with Home Depot as advertised. Furthermore, Plaintiff subsequently learned that the subject contract involved obligations that were prohibited by law.

## COUNT 1

### BREACH OF CONTRACT/BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

16. Plaintiff repeats and re-alleges every preceding allegation above as if set forth herein in full.

17. Plaintiff had a contract with Home Depot and Re-Bath under which she would pay for a bathroom remodeling, and Home Depot would provide those services in compliance with local codes and ordinances.

18. Plaintiff fully paid for and performed her obligations under the contract, yet both Defendants failed to perform any obligations under the contract.

19. As of the presented date, neither Defendants has performed a single obligation under the contract and no work was ever performed at the subject property. Defendants are therefore in breach of contract and, further, in their handling of the contract have breached the duty of good faith and fair dealing.

4
Case 3:20-cv-00226-TAV-DCP   Document 1   Filed 05/28/20   Page 4 of 7   PageID #: 4

20. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in an amount according to proof.

## COUNT II

## UNJUST ENRICHMENT

21. Plaintiff repeats and re-alleges every preceding allegation above as if set forth herein in full.

22. Defendants received money, compensation, and value from Plaintiff who paid her money to Defendants but no work was ever performed.

23. Defendants were unjustly enriched by the amount it retained when no such work was ever performed or value conferred to Plaintiff.

24. Plaintiff is entitled to and seeks restitution from Defendants for those amounts paid in equity and at law, and this Court is entitled to order the repayment of said amounts.

## COUNT III

## FRAUD

25. Plaintiff repeats and re-alleges every preceding allegation above as if set forth herein in full.

26. The conduct described above constituted intentional misrepresentation and deceit committed wantonly, intentionally, and/or in reckless disregard of the rights of Plaintiff and/or the duties owed to her.

27. Both Defendants falsely and knowingly misrepresented the availability of Home Depot, as well as the relationship of the Defendants and their ability to perform the repairs when each knew this was untrue.

28. As was Defendants intent, Plaintiffs reasonably relied on these representations to their detriment causing injury. But for the misrepresentations that the work was to be done by an entity associated with Home Depot, and with Home Depot backing the quality and workmanship of the services to be provided, Plaintiff would not have entered into the contract or any financing arrangements.

29. As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff has suffered damages in an amount according to proof, and further seeks an award of punitive damages.

**COUNT IV**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff repeats and re-alleges every preceding allegation above as if set forth herein in full.

31. In connection with the collection of a debt, Defendants, directly or indirectly used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); and/or,

    b. In numerous instances, Defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8).

32. The acts and practices alleged herein constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. §

6
Case 3:20-cv-00226-TAV-DCP   Document 1   Filed 05/28/20   Page 6 of 7   PageID #: 6

1692(a), the acts and practices alleged herein also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

33. As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff has suffered damages in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaration that the conduct of Defendants has been contrary to law;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages in an amount to be determined at trial;

D. Reasonable costs and attorneys' fees to the extent permitted by law;

E. Statutory damages pursuant to the FDCPA of $1,000.00

F. Repair of Plaintiff's credit reports to remove any negative credit reporting that resulted from the actions of either Defendant;

G. That this case be tried by a jury; and,

H. Any further relief deemed necessary and proper by this Court.

Respectfully submitted this 28th day of May 2020,

/s/ Volney Brand            .
Brand Law PLLC
3626 N Hall Ste 610
Dallas, TX 75219
    (*pro hac vice* to be submitted)

/s/ Dale J. Montpelier         .
Dale J. Montpelier, BPR #17125
Montpelier, Della-Rodolfa & Lope, P.C.
9050 Executive Park Drive, Suite A-107
Knoxville, Tennessee 37923
    (local counsel)

Counsel for Plaintiff

7
Case 3:20-cv-00226-TAV-DCP   Document 1   Filed 05/28/20   Page 7 of 7   PageID #: 7